Diesel Funding, LLC v Build Retail, Inc.

2026 NY Slip Op 02629

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Diesel Funding, LLC, respondent,

v

Build Retail, Inc., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-09041, (Index No. 523957/22)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Lourdes M. Ventura, JJ.

Grant Phillips Law, PLLC, Long Beach, NY, for appellants.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated April 18, 2024. The order, insofar as appealed from, denied those branches of the defendants' motion which were to vacate a judgment dated May 25, 2023, in favor of the plaintiff and against the defendants in the total sum of $1,476,330.68, and a stipulation of settlement.

ORDERED that on the Court's own motion, the notice of appeal is deemed to be a notice of appeal by the defendants (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,

ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.

On or about June 21, 2022, the plaintiff, Diesel Funding, LLC, and the defendant Build Retail, Inc. (hereinafter Build Retail), entered into a written agreement (hereinafter the agreement) pursuant to which Build Retail sold, and the plaintiff purchased, an interest in Build Retail's future receivables for the sum of $850,000 (hereinafter the purchase price). In exchange for the purchase price, Build Retail authorized the plaintiff to debit from Build Retail's bank account a percentage of Build Retail's daily sales revenue until the plaintiff received the sum of $1,274,150 (hereinafter the purchased amount). Build Retail also agreed that in the event of its default under the agreement, the uncollected purchased amount "may become due and payable in full immediately" to the plaintiff. The defendant James Wesley Cashwell executed a personal guaranty of performance of all the representations, warranties, and covenants made by Build Retail in the agreement.

In August 2022, upon the defendants' alleged default on the agreement, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. Shortly thereafter, the parties entered into a stipulation of settlement dated August 22, 2022, which provided that "this action is settled for the sum of $1,150,740.12." It also provided that "[i]n the event of a default" under the terms of the stipulation of settlement, the "[p]laintiff shall have the right, without any notice to the Defendants and without further application to the court, to enter judgment for $1,150,740.12 plus fees equating to twenty percent of the then remaining settlement balance, together with costs, interest and disbursements less any amounts paid hereunder." The defendants failed to make any of the payments provided for in the stipulation of settlement. In May 2023, the plaintiff applied to the clerk for a judgment, and a judgment dated May 25, 2023, was entered against [*2]the defendants and in favor of the plaintiff in the total sum of $1,476,330.68.

In March 2024, the defendants moved, among other things, to vacate the judgment and the stipulation of settlement. The plaintiff opposed the motion. In an order dated April 18, 2024, the Supreme Court, inter alia, denied those branches of the motion. The defendants appeal.

"A stipulation of settlement is a contract, enforceable according to its terms" (Corona Fuel Corp. v Nayci, 140 AD3d 1004, 1005 [internal quotation marks omitted]). Here, it is undisputed that the defendants did not comply with the terms of the stipulation of settlement and, under the terms of the stipulation of settlement, the defendants agreed that, in the event of their default, the plaintiff had the right, without any notice to the defendants and without further application to the court, to enter a judgment for a specified amount, plus fees and interest (see CPLR 3215[i][1]).

The defendants argue that the agreement was a usurious loan, and therefore, the judgment should be vacated as neither the agreement nor the stipulation of settlement was enforceable. If the agreement was found to be a loan, "criminal usury would be a defense to its enforcement, rendering it void" (Principis Capital, LLC v I Do, Inc., 201 AD3d 752, 754; see Davis v Richmond Capital Group, LLC, 194 AD3d 516, 517). "The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 665). "To determine whether a transaction constitutes a usurious loan, it must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it" (id. [internal quotation marks omitted]). "The court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances" (id. [internal quotation marks omitted]). "Unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (id. at 666). "Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (id.).

Here, the defendants failed to establish that the transaction set forth in the agreement was a usurious loan. The terms of the agreement specifically provided that the payments would be capped at a specified percentage of daily receivables, allowed for adjustments to the daily payments made by Build Retail to the plaintiff based on changes in Build Retail's sales, and provided for reconciliation in order to ensure that the amounts collected equaled the specified percentage of receivables. Concomitantly, as the amount of the daily payments could change, the term of the agreement was not finite. Additionally, we note that the defendants did not seek to engage in the agreement's reconciliation procedure, which precludes our review of the claim that the process was illusory (see Apollo Funding Co. v Dave Reilly Constr., LLC, 241 AD3d 1508, 1509). Moreover, no contractual provision existed establishing that a declaration of bankruptcy would constitute an event of default (see id.; cf. Davis v Richmond Capital Group, LLC, 194 AD3d at 517; LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d at 666).

The defendants' remaining contentions are either improperly raised for the first time on appeal or without merit.

Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to vacate the judgment and the stipulation of settlement.

GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court